11-721-cv
Monachino v. Bair

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 25th day of September, two thousand twelve,

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges.*

_____

JOHN MONACHINO,

                  *Plaintiff-Appellant*,


             -v-                                          11-721-cv

SHEILA BAIR, CHAIRMAN, FEDERAL DEPOSIT INSURANCE
CORPORATION[*]

                  *Defendant-Appellee*.

_____

Appearing for Appellant:     Annette G. Hasapidis, Law Offices of Annette G. Hasapidis,
                             South Salem, NY

Appearing for Appellee:      Michelle Ognibene, Counsel, Federal Deposit Insurance Corporation
                             (Colleen J. Boles, Assistant General Counsel, Lawrence H.
                             Richmond, Senior Counsel, *on the brief*), Arlington, VA

_____

[*]  Martin J. Gruenberg, Acting Chairman, Federal Deposit Insurance Corporation is
automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate
Procedure 43(c)(2).

Appeal from a judgment of the United States District Court for the Southern District of New York  (Marrero, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff appeals from the district court's grant of summary judgment which was entered on February 3, 2011, consistent with the decision and order dated February 1, 2011, on plaintiff's suit alleging discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act, the Rehabilitation Act, and the Age Discrimination in Employment Act.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor."  *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 358 (2d. Cir. 2011).  However, where, as here, "no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper."  *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

We conclude that the district court properly granted summary judgment in favor of the defendant.  The district court appropriately concluded that it need not determine if the plaintiff had established a prima facie case of retaliation under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  We need not reach the question of whether Monachino satisfied his initial burden because the FDIC has met its burden to present legitimate, non-retaliatory reasons for the employment actions at issue, and Monachino has failed as a matter of law to produce sufficient evidence to permit a reasonable factfinder to conclude that the proffered reasons are pretextual. *See Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001).

Assuming a prima facie case, the FDIC then had the burden of "articulat[ing] a legitimate, non-retaliatory reason for the adverse employment action."  *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks omitted).  The FDIC presented ample evidence of legitimate, non-retaliatory reasons for all of the adverse actions alleged by the plaintiff, and thus the burden shifted back to Monachino to "point to evidence sufficient to permit an inference that the employer's proffered non-retaliatory reason[s] [were] pretextual and that retaliation was a 'substantial reason for the adverse employment action[s].'"  *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 553 (2d Cir. 2010) (citation omitted).

Monachino's attempted reliance on temporal proximity to demonstrate pretext was insufficient.  While "temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation under Title VII, . . . without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext. . . . Indeed, a plaintiff must come forward with some evidence of pretext in

order to raise a triable issue of fact." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010). The rest of Monachino's evidence of pretext failed to overcome his burden of persuasion under the *McDonnell Douglas* framework.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk