11-4672-cv
Chiaro v. County of Nassau

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

Present:
      JOHN M. WALKER, JR.
      ROBERT A. KATZMANN,
      DEBRA A. LIVINGSTON,
            *Circuit Judges.*

_____

DOUGLAS CHIARO,

      *Plaintiff-Appellant*,

         v.                      No.  11-4672-cv

COUNTY OF NASSAU and DAVID CHIARO,

      *Defendants-Appellees*.[*]

_____

For Plaintiff-Appellant:        ANTHONY C. OFODILE, Ofodile & Associates, P.C., Brooklyn, N.Y.

For Defendants-Appellees:      ROBERT F. VAN DER WAAG, Deputy County Attorney, *for* John Ciampoli, County Attorney, County of Nassau, Mineola, N.Y.

_____

[*] We direct the Clerk of the Court to amend the official caption as noted.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Douglas Chiaro ("plaintiff") appeals from an August 23, 2010 Opinion issued by the United States District Court for the Eastern District of New York (Feuerstein, *J.*) adopting in its entirety a July 29, 2011 Report and Recommendation issued by Magistrate Judge A. Kathleen Tomlinson and granting defendants' motion for summary judgment. On appeal, plaintiff argues that the district court (1) erred in finding that defendant David Chiaro was not acting under color of state law, and (2) abused its discretion in denying plaintiff's motion to amend his first amended complaint. We assume the parties' familiarity with the facts and procedural history of this case, as well as the issues on appeal.

We review an award of summary judgment *de novo*, *see El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (per curiam), and we will affirm only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). Having reviewed the record *de novo*, we affirm for substantially the reasons stated in the district court's Opinion and the Report and Recommendation it adopts. *See Chiaro v. County of Nassau*, CV 09-3702 (SJF) (AKT), 2011 U.S. Dist. LEXIS 94211 (E.D.N.Y. Aug. 23, 2011), *adopting Chiaro v. County of Nassau N.Y.*, CV 09-3702 (SJF) (AKT), 2011 U.S. Dist. LEXIS 94229 (E.D.N.Y. July 29, 2011) (Report & Recommendation). Briefly stated, summary judgment was appropriate because plaintiff failed to adduce evidence sufficient to create a genuine issue of material fact as to whether defendant David Chiaro acted under color of state law. *See Pitchell v. Callan*, 13 F.3d 545, 547-48 (2d Cir.

1994) (explaining that, in order to maintain an action pursuant to 42 U.S.C. § 1983, "the conduct complained of must have been committed by a person acting under color of state law").

We review a district court's denial of a motion for leave to amend for abuse of discretion. *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003).  Leave to amend is routinely denied "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (internal quotation marks and citations omitted).  In this case, plaintiff offered no satisfactory explanation for his inordinate delay in moving to file a second amended complaint after discovery was substantially complete.  Accordingly, the district court did not abuse its discretion in denying plaintiff's motion to amend his first amended complaint.

We have considered plaintiff's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK