11-3259-cv
Young v. Daughter of Jacob Nursing Home (D.O.J.)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand twelve.

Present:    JOHN M. WALKER, JR.,
            ROBERT A. KATZMANN,
            PETER W. HALL,
                    *Circuit Judges.*
_____

DAVID I. YOUNG,

                    *Plaintiff-Appellant*,

                    - v -                        No. 11-3259-cv

DAUGHTER OF JACOB NURSING HOME, (D.O.J.),

                    *Defendant-Appellee.*
_____

For Plaintiff-Appellant:         Kenneth W. Richardson, Law Office of Kenneth W.
                                 Richardson, New York, NY.

For Defendant-Appellee:          Nancy V. Wright, Scott Abraham, and Ricki Ellen Roer,
                                 Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York,
                                 NY.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant David I. Young appeals from a July 12, 2011, decision and order of the United States District Court for the Southern District of New York (Seibel, *J.*) and a judgment entered on July 18, 2011, granting summary judgment to the defendant in this employment discrimination action. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The plaintiff contends that genuine issues of material fact exist with respect to his discrimination claims. He principally makes two arguments in support of this contention. First, the plaintiff argues that at least two other employees committed acts similar to his own but were not disciplined. Substantially for the reasons articulated by the district court, we hold that the plaintiff has not produced evidence demonstrating that the two employees he identified are comparable to him. Second, the plaintiff argues that the statements allegedly made by the defendant's CEO with respect to a desire to terminate older workers were not hearsay because "Mr. Young here claims direct knowledge of at least one such similar act" and "claims to have reported that act himself." Brief for Plaintiff-Appellant Young at 13. The plaintiff does not, however, claim direct knowledge of the CEO's alleged statement. Nor does he raise any exception to the hearsay rule that might apply here. *See* Fed. R. Evid. 801.

The plaintiff additionally contends that judgment should not have been granted with respect to his retaliation claim because a causal connection may exist between the protected

2

activity and the retaliatory action. He argues that the four years that elapsed between his prior lawsuit and his termination are insufficient reason to bar his discrimination claim. However, he offers no other evidence of pretext. Even assuming that the temporal proximity between the protected activity and the termination were sufficient to give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation, "without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (per curiam).

We have considered the plaintiff's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK