12-0648-cv
Bir v. Pfizer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand thirteen.

Present:     SUSAN L. CARNEY,
             CHRISTOPHER F. DRONEY,
                 *Circuit Judges,*
             PAUL G. GARDEPHE,
                 *District Judge.**

---

NICOLE A. BIR,

     *Appellant,*

       v.                                    No. 12-0648-cv

PFIZER, INC.,

     *Appellee.*

---

Appearing for Appellant:     LINDY KORN (Charles L. Miller, *on the brief*), Law Office of Lindy Korn, Buffalo, NY.

Appearing for Appellee:     PETER C. MOSKOWITZ (Jillian L. Hunt, *on the brief*), Jackson Lewis LLP, New York, NY.

---

* The Honorable Paul G. Gardephe, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).  **ON CONSIDERATION WHEREOF,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Nicole A. Bir appeals from an award of summary judgment in favor of Pfizer, Inc. ("Pfizer"), in whose employ she worked from 1997 until 2006 as a sales representative.  Her action asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e17; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-301; the Equal Pay Act, 29 U.S.C. § 206(d); New York Labor Law § 194; and New York common law. Because plaintiff withdrew her common law claims during the district court proceeding and fails in her appellate brief to address her Equal Pay Act, New York Labor Law § 194, and constructive discharge claims, we consider these claims abandoned for the purpose of this appeal.  Plaintiff's remaining claims, brought under Title VII and the NYSHRL, rest on her allegations that during her employment at Pfizer, she was subject to unlawful discriminatory treatment based on her gender, a hostile work environment, and unlawful retaliation for her complaints about the foregoing.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

---

[1]  Because "New York courts require the same standard of proof for claims brought under the NY[S]HRL as for those brought under Title VII," we analyze these claims in tandem throughout this order.  Leopold v. Baccarat, Inc., 174 F.3d 261, 264 n.1 (2d Cir. 1999).

2

### A. Adverse Action Claims

To establish a *prima facie* case of intentional discrimination under Title VII or the NYSHRL, a plaintiff must show that "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination." Reynolds v. Barrett, 685 F.3d 193, 202 (2d Cir. 2012) (internal quotation marks and alteration omitted). Under the familiar McDonnell Douglas burden-shifting framework, once a plaintiff establishes a *prima facie* case, the burden shifts to the employer to provide a legitimate non-discriminatory reason for the employment action at issue. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000). If the defendant makes this showing, the burden then shifts back to the plaintiff to show that the defendant's proffered explanation is pretextual. Ruiz v. County of Rockland, 609 F.3d 486, 492 (2d Cir. 2010).

In attempting to demonstrate Pfizer's alleged discriminatory animus, plaintiff points to the conduct of only one Pfizer employee, Scott Welch, who was plaintiff's supervisor from 1997 through 1999 and then again from 2005 through 2006. She explains that along with his hostile behavior in the workplace (described further below), Welch told her in September 2005 that "when women get married and have children, their priorities change and they don't work as hard." J.A. 875. This statement, she argues, presents "direct" evidence of Welch's discriminatory

3

animus towards women (or married women in particular),[2] and thus supports an inference of discrimination on the part of Pfizer. She fails, however, to offer evidence sufficient to establish that she was subject to any adverse employment actions resulting from Welch's conduct. Any of the adverse actions that plaintiff's evidence suggests she *did* suffer are too disconnected from Welch to plausibly be tainted by his alleged animus.

In support of her adverse action claims, plaintiff points to two promotions she sought in 2006 but did not receive: first, for a position as Cleveland Assistant Regional Manager, and second, for a position as a Senior Specialty Sales Representative.[3] Even assuming plaintiff did state a *prima facie* case regarding either of these asserted adverse actions, she has failed as a matter of law to demonstrate that any of the reasons provided by defendant for these failures to promote is pretextual.

---

[2] Plaintiff did not explicitly raise a "gender plus" claim in her complaint. Even if we were inclined to find that she implicitly alleged that she was discriminated against based on her gender and another characteristic (*i.e.,* her status as a *married* woman), see Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 109 (2d Cir. 2010), any such claim would fail for the same reasons as her gender discrimination claim fails, that there is simply not enough in the record to connect Welch with any of the adverse actions experienced by plaintiff.

[3] In the district court, plaintiff alleged that in 2002 she was denied two other promotions for discriminatory reasons. Plaintiff's Title VII and NYSHRL "failure to promote" claims based on conduct occurring in 2002 are time-barred. See 42 U.S.C. § 2000e-5(e)(1); N.Y. C.P.L.R. § 214; see also Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 157 & n.11 (2d Cir. 2012).

With regard to the Cleveland Assistant Regional Manager position,[4] plaintiff alleges that she applied for and was interviewed for this position, but she does not provide any evidence about who made the decision not to offer her the position or who ultimately was offered the job. She alleges that "she was informed that she did not get this position because she needed the support of all local managers which would have included, among others, Scott Welch," implying that she did not have Welch's support and was denied the position, in part, for that reason. J.A. 838. But no record evidence suggests that Welch was at all involved in the decision to deny her this position.

Plaintiff's claims based on Pfizer's failure to offer her a Specialty Sales Representative position also fail. Although Pfizer named a male sales representative to this position, plaintiff has not provided any evidence contradicting Welch's deposition testimony that this representative had a consistently higher sales ranking than plaintiff, and that Welch – once again, the only Pfizer employee about whom plaintiff has proffered any evidence of discriminatory animus – played no direct part in the decision not to promote plaintiff to this position.

In light of plaintiff's inability to establish any connection between Welch and either of these failures to promote, and plaintiff's below-average work performance, the only reasonable conclusion to be drawn from the evidence is that plaintiff was denied these promotions because of her inferior sales record. There is therefore

---

[4] Pfizer denies that such a position ever existed, but on review of summary judgment against her, we must resolve all factual disputes in plaintiff's favor. We thus assume that, as plaintiff alleges, she applied for this position and was rejected.

5

nothing in the record that "reasonably supports a finding of prohibited discrimination," James v. N.Y. Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000).

Plaintiff also complains that employees were evaluated based on both "sales numbers" (as measured relative to quotas set by corporate decisionmakers) and "sales behavior" (as measured through observations made by supervisors such as Welch). This evidence suggests that during the years Welch supervised her, plaintiff was evaluated in part based on Welch's reviews. But plaintiff does not dispute that her sales rankings (*i.e.,* her sales performance relative to her quotas as measured against the same figure for other sales representatives) were consistently below average. Moreover, she cannot overcome documentary evidence demonstrating that her supervisors between 1999 and 2005 – who did not include Welch – gave her negative reviews. See, e.g., id. at 152 (holding that plaintiff's claim failed as a matter of law despite his *prima facie* showing, because "overwhelming" evidence supported defendant's proffered explanation). In sum, drawing all reasonable inferences in plaintiff's favor, there is no genuine dispute as to any material fact with respect to either of the two adverse employment actions plaintiff alleges that is sufficient to defeat summary judgment.

B. Hostile Work Environment Claims

To withstand a defendant's motion for summary judgment on hostile work environment claims, a plaintiff must "proffer sufficient evidence to allow a trier of fact to find disparate treatment based on gender, resulting in a hostile working environment that was sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment." Pucino v. Verizon Commc'ns, Inc., 618 F.3d 112, 117 (2d Cir. 2010) (internal quotation marks omitted).

Here, plaintiff alleges that she was subjected to an abusive workplace environment as a result of Welch's conduct. In support of this claim, plaintiff alleges, *inter alia*, that Welch falsely accused her of antagonizing her customers and lying about her schedule; interfered with the distribution of product samples to her; reduced her budget for educational programs; assigned her a less-desirable sales territory than similarly-situated male sales representatives; screamed at her; and subjected her to more frequent field-visit supervisions, for which he provided less warning than he did similarly-situated male sales representatives. Plaintiff also avers that Welch often socialized with male representatives, but that he never did the same with female representatives. Furthermore, plaintiff asserts that in the months leading up to her wedding in 2005, Welch made the comment described above about married women. Plaintiff also testified that Welch "threatened [her] never to go to" Pfizer's human resources department to complain about his conduct. J.A. 856.

Even accepting these allegations as true, there is not enough in the record for plaintiff to avoid summary judgment on her hostile work environment claims. The alleged incidents of harassment affecting plaintiff directly, with the exception of Welch's comment about married women and Welch's socializing preferences, were "facially sex-neutral," Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002). "Facially neutral incidents may be included . . . among the 'totality of the circumstances' that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude that they were in fact, based on sex." Id. at 378. But the

7

record here does not support a finding that Welch's objectionable conduct toward plaintiff was based on sex. Indeed, the bulk of the evidence supports the conclusion that, whether they were male or female, Welch treated the employees he disliked poorly. Moreover, much of plaintiff's disagreement with Welch during the period from September 2005 through February 2006 focused on Welch's allegedly favorable treatment of another *female* sales representative. In sum, although plaintiff's allegations suggest that Welch was unpleasant, rude, and a poor manager, the record provides an insufficient basis for a reasonable jury to conclude that his mistreatment of plaintiff was based on her gender.

In support of her hostile work environment claim, plaintiff cites the testimony of a former Pfizer employee, Bernadette Donovan, who was also supervised by Welch but who left Pfizer's employ in 1997. Donovan testified that Welch treated men more favorably than women, and that Welch threatened her with termination if she ever complained about him to more senior managers at Pfizer. But even crediting Donovan's account of Welch's conduct through 1997, Welch appears to have treated plaintiff favorably at times between 1997 and 1999, when he first supervised her. For example, plaintiff testified that in 1998, Welch told her she had been doing a "superior job" and transferred her "to his number one territory." J.A. 853. Moreover, the temporal separation between the environment confronting Donovan in 1997 and 2005, when Welch again supervised plaintiff, undermines the reasonable import of Donovan's testimony. Donovan's testimony, therefore, does not alter our analysis of plaintiff's hostile work environment claim.

## C. Retaliation Claims

Finally, plaintiff's retaliation claims also fail as a matter of law. To make out a *prima facie* case of retaliation, plaintiff must establish "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks omitted). The same three-step burden-shifting framework that is applicable to discrimination claims also applies to retaliation claims. See El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 932-33 (2d Cir. 2010) (per curiam).

Plaintiff asserts that she engaged in two separate "protected activities." First, she reported Welch's behavior to another manager, Dan Callahan, in September 2005; and second, she made a formal report about his conduct to Pfizer's Human Resources Department in February 2006. Plaintiff points to a number of acts of alleged retaliation occurring after these complaints, including that she was not permitted to mentor employees after February 2006; she was denied a merit raise in May 2006; and she was drug tested in 2006. Defendant's rejoinder is that some of these actions were a consequence of plaintiff's poor work performance and others resulted from systematic corporate policies that could not possibly have been tied to plaintiff's complaints.

Even if the temporal proximity between plaintiff's protected activity and the events giving rise to plaintiff's complaints is close enough to establish a *prima facie*

9

case of retaliation, plaintiff has not proffered sufficient evidence under the three-step burden-shifting framework for a reasonable fact-finder to conclude that any of defendant's proffered reasons were pretextual. Id. at 933. Summary judgment was thus appropriate on the retaliation claims as well. As discussed above, there is substantial evidence and no genuine dispute in the record that plaintiff was a below-average sales representative, as measured by sales rankings. Finally, with regard to plaintiff being drug-tested in 2006, she does not dispute that Pfizer's policies provided for random drug-testing and that no one from her district was involved in the decision to subject her to a drug test.

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk