El Sayed v. Hilton Hotels

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Argued: December 8, 2010                    Decided: December 17, 2010)

Docket No. 10-453-cv

_____

WALID EL SAYED,

*Plaintiff-Appellant*,


           -v-                                        10-453-cv

HILTON HOTELS CORPORATION, HILTON GRAND VACATION
CLUB, INC., THE HILTON NEW YORK & TOWERS,
BARBARA STILL,

*Defendant-Appellees*.


_____

Before: McLAUGHLIN, POOLER, and WESLEY, *Circuit Judges*.

Appeal from an order of the United States District Court for the Southern District of New York (Chin, *J.*) granting summary judgment to Defendant-Appellees, inter alia, on Appellant's Title VII retaliation claim. The district court concluded that temporal proximity between a protected activity and an employee's discharge was insufficient, standing alone, to establish that employer's proffered reason for discharging Appellant was merely pretextual. We AFFIRM.

Affirmed.

_____

WALID EL SAYED, *pro se*, New York, NY, *for Plaintiff-Appellant*.

NICOLE QUICK SALDANA, Jackson Lewis LLP, New York, NY, *for Defendant-Appellees*.

PER CURIAM:

Appellant Walid El Sayed, pro se, is a United States citizen of Egyptian descent, who is Muslim. He was hired by Defendant-Appellees as an Assistant to the Director of Housekeeping in December 2004, and was terminated on August 9, 2006, approximately three weeks after he complained to the Hilton's Housekeeping Director, Barbara Still, that a co-worker referred to him as a "Terrorist Muslim Taliban."

Defendant-Appellees stated that the determination to discharge El Sayed was not based on his complaint about the co-worker's comment but rather was based upon the fact that El Sayed had omitted certain prior employment history from his application to work at the Hilton, a misrepresentation that constituted grounds for dismissal under the Hilton's employment policies. Defendant-Appellees further stated that this omission was discovered in August 2006 during a telephone conversation with a former Hilton employee. Defendant-Appellees confronted El Sayed with the omission, to which he admitted, and later that month, he was discharged.

By demonstrating temporal proximity between his complaint and his discharge, El Sayed arguably established a prima facie case of retaliation under Title VII. However, under the three-step burden-shifting framework set forth by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the prima facie case establishes only a rebuttable presumption of retaliation. *See Stratton v. Dep't for the Aging for the City of New York*, 132 F.3d 869, 879 (2d Cir. 1997) (applying *McDonnell Douglas* to claims of discrimination and retaliation). The district court accepted Defendant-Appellees' explanation of the legitimate non-retaliatory reasons for El Sayed's discharge, *see El Sayed v. Hilton Hotels Corp.*, No. 07 Civ. 11173, 2009 WL 5064354, at *10-11

(S.D.N.Y. Dec. 16, 2009), at which point, the burden shifted back to El Sayed to come forward with evidence establishing that it is more likely than not the employer's decision was motivated, at least in part, by an intent to retaliate against him, *see Stratton*, 132 F.3d at 879. Because El Sayed produced no evidence other than the temporal proximity between his complaint and his discharge, the district court held that El Sayed had not met his burden of establishing that the discharge was retaliatory and granted summary judgment for Defendant-Appellees. *See El Sayed*, 2009 WL 5064354, at *10.

We review the grant of summary judgment de novo, drawing all inferences in favor of the nonmoving party. *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.. Civ. P. 56(a); *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).

The temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation under Title VII, but without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext. *Cf. Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 770 (2d Cir. 1998); *accord Simpson v. N.Y. State Dep't of Civil Servs.*, 166 F. App'x 499, 502 (2d Cir. 2006) (summary order). Indeed, a plaintiff must come forward with some evidence of pretext in order to raise a triable issue of fact. *Cf. Quinn*, 159 F.3d at 770.

In this case, Appellant produced no evidence other than temporal proximity in support of his charge that the proffered reason for his discharge was pretextual. Additionally, Appellant concedes that he omitted certain employment history from his application to work at the Hilton,

3

and has not disputed the Hilton's assertion that this omission was grounds for termination under Hilton's employment policies.  Accordingly, we hold that the district court committed no error in granting summary judgment in favor of Appellees.

We have considered Appellant's remaining arguments, and conclude that they are without merit for substantially the reasons stated by the district court.

## CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court.