10-3665-cv
Harrison v. United States Postal Service

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand eleven.

PRESENT: DENNIS JACOBS,
              Chief Judge,
         PETER W. HALL,
         GERARD E. LYNCH,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
WILLIAM K. HARRISON,

        *Plaintiff-Appellant*,

        -v.-                                    10-3665-cv

UNITED STATES POSTAL SERVICE,

        *Defendant-Appellee*,

JOHN E. POTTER, POSTMASTER GENERAL,
        *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**       Christopher Bellistri,
                         Cronin & Byczek LLP
                         Lake Success, NY


**FOR APPELLEES:**       James Nicholas Boeving, Jeannette A.
                         Vargas, Sarah S. Normand, Assistant United
                         States Attorneys, <u>for</u> Preet Bharara,
                         United States Attorney,
                         Southern District of New York,
                         New York, NY


Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

William K. Harrison appeals the district court's grant of summary judgment dismissing Harrison's claims of unlawful retaliation under Title VII of the Civil Rights Act of 1964. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of summary judgment <u>de novo</u> and draw all inferences in favor of the nonmoving party. <u>El Sayed v. Hilton Hotels Corp.</u>, 627 F.3d 931, 933 (2d Cir. 2010) (per curiam). "Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>Id.</u> (internal quotation marks omitted). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Wright v. Goord</u>, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks omitted).

Retaliation claims are governed by the three-step burden-shifting framework set forth by the Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). First, the plaintiff bears the burden of proving by the preponderance of the evidence a prima facie case of discrimination. In the retaliation context, this requires the plaintiff to show (1) that he participated in protected

activity, (2) that he suffered an adverse employment action and (3) that a causal connection exists between the protected activity and the adverse employment action. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010). If the plaintiff can make out a prima facie case of retaliation, the burden then shifts to the defendant to produce evidence that the adverse employment action was taken "for a legitimate, nondiscriminatory reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993) (internal quotation marks omitted). If the defendant meets its burden of production, the plaintiff must then prove, by a preponderance of the evidence, that the legitimate nondiscriminatory reason proffered by the defendant is pretextual, and that the true reason for the adverse employment action was the plaintiff's protected activity. See, e.g., Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981).

[1] Harrison argues that he applied for and was denied a number of promotions on account of his protected EEO activity. But he has failed to present any evidence of a causal connection between the alleged denials and his protected activity. The only evidence Harrison has presented from which an inference of causation may be drawn is the temporal proximity between his EEO activity and the denial of his promotions. However, even "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close." Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (per curiam) (internal quotation marks omitted). In Harrison's case, all of the job vacancies in question closed at least several months (and in most cases considerably longer) after Harrison engaged in protected activity. This evidence, therefore, is insufficient to support the necessary causal connection.

[2] Harrison next claims that he suffered retaliation when Freddie Burroughs, his wife's harasser, was transferred into Harrison's unit. However, as Harrison has previously conceded, Burroughs was transferred before Harrison first engaged in protected activity by testifying at his wife's EEOC hearing in November, 1995.

3

[3]  Harrison claims that he was subjected to retaliation when he was denied differential pay after serving for a two-week period as Acting Manager of Distribution Operations ("AMDO") while the Manager of Distribution Operations was on vacation.  Harrison's temporary stint as an AMDO occurred before Harrison first contacted an EEO counselor or filed an EEO complaint of his own.  Thus, a retaliation claim would have to be based on his testimony at his wife's EEOC hearing in November, 1995.  But the temporal gap of almost two years between the date of this protected activity and the alleged retaliation is too great to give rise to an inference of causation.  See Burkybile v. Bd. of Educ., 411 F.3d 306, 314 (2d Cir. 2005) (finding no causation where more than a year passed between protected activity and alleged retaliation).  As Harrison has failed to present any other evidence of causation, no reasonable jury could find that Harrison was denied differential pay as a result of his protected activity.

[4]  Harrison argues that he again suffered retaliation when he was transferred from the Automation Unit to the Transportation Unit in November of 1997.  But the antiretaliation provision of Title VII covers only those employer actions that a reasonable employee would consider materially adverse. Burlington N. & Santa Fe R.R. Co. v. White, 548 U.S. 53, 57 (2006).  "Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position . . . ." Id. at 71 (internal quotation marks omitted).  Harrison has failed to raise a genuine issue of fact on this point.  Several Postal Service managers testified at deposition that familiarity with transportation is a useful skill for someone seeking advancement and that a number of employees were promoted after having worked in the Transportation Unit.  Harrison has presented no evidence, beyond conclusory statements, to the contrary.

[5]  Finally, Harrison argues that he was retaliated against when he was given only a short four-month detail in the Quality Unit while some other employees received longer details.  The allegedly short duration of Harrison's detail

4

does not constitute a materially adverse employment action. A detail is a discretionary and temporary assignment, and Harrison concedes that very few supervisors were permitted to go on detail at all.  A reasonable person would not find that being given a discretionary and favorable assignment, even if for a short period of time, was materially adverse. <u>See, e.g.</u>, <u>Forkkio v. Tanoue</u>, 131 F. Supp. 2d 36, 42 (D.D.C. 2001) (holding that the expiration of a plaintiff's temporary promotion was not an adverse employment action because "plaintiff did not lose a term or condition of employment to which he had anything but a temporary entitlement").  Therefore, the Government was entitled to summary judgment on this claim as well.

    We have considered plaintiff's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.




                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK