11-1412-cv
Beachum v. AWISCO New York Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

Present:
ROBERT A. KATZMANN,
DENNY CHIN,
*Circuit Judges*,
LEE H. ROSENTHAL,
*District Judge*.[*]

KYER L. BEACHUM,

*Plaintiff-Appellant*,

v.                                                          No. 11-1412-cv

AWISCO NEW YORK CORP.,

*Defendant-Appellee*,

LOCAL 810, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
Defendant.

[*] The Honorable Lee H. Rosenthal, of the United States District Court for the Southern District of Texas, sitting by designation.

For Plaintiff-Appellant:              NEAL BRICKMAN (Richard Jefferson, *on the brief*), The Law Offices of Neal Brickman, P.C., New York, N.Y.

For Defendant-Appellee:            ADAM M. HARRIS (Tonianne Florentino, *on the brief*) Collazo Florentino & Keil LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-appellant Kyer L. Beachum appeals from a March 18, 2011 Memorandum and Order in which the district court, among other things, (1) granted summary judgment in favor of AWISCO New York Corporation ("AWISCO") on Beachum's claims for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981(b); and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*; (2) denied Beachum's motion to amend the complaint; and (3) declined to exercise supplemental jurisdiction over Beachum's claims under the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-109 *et seq.* We assume the parties' familiarity with the facts and procedural history of this case and the issues on appeal.

We review an award of summary judgment *de novo*, *see El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010), and we will affirm only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). Having reviewed the record *de novo*, we affirm for substantially the reasons stated in the district court's careful, comprehensive, and well-reasoned opinion. *See*

2

*Beachum v. AWISCO*, 785 F. Supp. 2d 84 (S.D.N.Y. 2011).  Briefly stated, summary judgment was appropriate because, among other reasons, Beachum failed to adduce evidence sufficient to create a genuine issue of material fact as to whether AWISCO's proffered legitimate, non-discriminatory, and non-retaliatory reasons for terminating Beachum's employment were pretextual.  *Id.* at 97-98.

We review a district court's denial of a motion for leave to amend for abuse of discretion.  *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003).  Leave to amend is routinely denied where, *inter alia*, amending the complaint would be futile or where the non-moving party would be unduly prejudiced by the amendment.  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).  Under the circumstances of this case, we conclude that the district court acted well within its discretion in denying Beachum's motion to amend as futile.  *Beachum*, 785 F. Supp. 2d at 104-05.

We have considered Beachum's other arguments on appeal and find them to be wholly without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3