11-4971-cv
Bringley v. Donahoe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of October, two thousand twelve.

PRESENT:   REENA RAGGI,
           PETER W. HALL,
           DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

-----------------------------------------------------------------------
DEBORAH A. BRINGLEY,
                    *Plaintiff-Appellant*,

                    v.                                    No. 11-4971-cv

PATRICK R. DONAHOE, POSTMASTER GENERAL,
                    *Defendant-Appellee*.[*]
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        STEPHEN E. LAPRADE (Christina A. Agola, *on the brief*), Law Firm of Christina A. Agola, PLLC, Rochester, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLEE:     KATHRYN L. SMITH, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 21, 2011, is AFFIRMED.

Deborah Bringley, a 30-year employee of the United States Postal Service in Rochester, New York, appeals from an award of summary judgment in favor of defendant on her claims of gender-based discrimination and retaliation by supervisor Vincent Catapano in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, see 42 U.S.C. § 2000e et seq. We review an award of summary judgment de novo, construing the record evidence in the light most favorable to the non-moving party. See El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010). We will uphold the award only if the record reveals "no genuine dispute as to any material fact" and the movant's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). In analyzing employment discrimination claims brought under Title VII, we employ the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm, a conclusion we reach for substantially the same reasons stated in the district court's thorough and well-reasoned Decision and Order.

2

1.      January 2007 Detail Offers

Bringley asserts that, in response to her request for a successive Tour 3 detail to the Mail Processing Unit in January 2007, her supervisors discriminatorily forced her to choose between accepting that detail on condition that her craft position be posted for bidding by other union members, as mandated by the operative collective bargaining agreement, or alternatively accepting a less desirable overnight Tour 1 detail to Maintenance. Bringley argues that the district court erroneously analyzed this claim as a discriminatory discharge, rather than a denial-of-promotion, claim. The distinction Bringley draws is of no import, because, in fact, the district court held that she had failed to raise a triable issue of fact that her supervisors' proffered justifications for their responses to her January 2007 requests for detail assignments were a pretext for discrimination. We agree.

To support an inference of discrimination with respect to her January 2007 detail offers, Bringley primarily asserts that, in 2006, Catapano awarded Bringley's fellow employee Kevin Dyson a permanent Tour 3 Maintenance Supervisor position for which Bringley had also applied. However, Bringley's conclusory contentions that Dyson was "less senior" and "less qualified" than she was at the time of that decision, Bringley Aff. ¶ 22, J.A. 330, do not raise a triable issue that the justifications for the later January 2007 detail offers—one of which Catapano had nothing to do with—were a pretext for impermissible gender-based decisionmaking. See Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 103 (2d Cir. 2001) ("When a plaintiff seeks to prevent summary judgment on the strength

3

of a discrepancy in qualifications ignored by an employer, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the employer's explanation was pretextual, but that the pretext served to mask unlawful discrimination.").

We agree with the district court that those proffered justifications—i.e., that the collective bargaining agreement required that Bringley's position be opened to others if she performed successive, identical Tour 3 details, and that, otherwise, Bringley should be made to rotate through a Tour 1 detail per unofficial policy—are legitimate on their face and find support in the record.  To the extent Bringley argues that a Tour 1 "graveyard" detail was viewed as a form of punishment, the record shows that both fellow employees who were later granted the promotions she now challenges as discriminatory had previously completed Tour 1 assignments.  The record further shows that Catapano had granted Bringley four consecutive non-Tour-1 supervisory details spanning August 2005 to January 2007. Additionally, her contention that the union did not in fact pressure Catapano to open her craft position to other members should she accept a successive Tour 3 Mail Processing detail is unsupported by admissible evidence.  See Fed. R. Civ. P. 56(c)(2).  Thus, the district court correctly granted summary judgment for defendant on this claim.[1]

---

[1] Because Bringley has adduced insufficient evidence to rebut defendant's justifications for the January 2007 detail assignments, we need not reach defendant's argument that Bringley, in being offered a choice between supervisory assignments at higher pay than her permanent position, suffered no materially adverse employment action.

4

2.    Denial-of-Promotion Claims

Bringley asserts that the district court erroneously granted summary judgment on her claims that, in 2008, she was twice denied promotions to the permanent position of Supervisor of Maintenance Operations on Tour 3, claims that form the gravamen of her complaint. Even assuming that the challenged promotion decisions were effectively made by Catapano because the two female committee members deferred to his choices, summary judgment was correctly awarded in favor of defendant.

As the district court recognized, contemporaneous interview summaries prepared by Catapano stressed the technical qualifications and achievements of the selected males and stated that Bringley, despite her technical knowledge, exhibited relatively poor interpersonal skills on the job and became confrontational toward the end of one interview. While Bringley disputes this account of her interview demeanor, she cannot dispute that, at the time of her initial interview, she had a "live" Letter of Warning in her file for poor workplace performance, discipline to which the selection committee referred in making its decision. Bringley nowhere asserts that the letter's author, her immediate supervisor, James Fink, discriminated against her in any way. Further, by Bringley's own admissions, Catapano had previously become angry with her for reporting to an unassigned detail and had reason to question her seriousness in applying for the promotions, as she had also recently applied for a Postal Service job in Knoxville, Tennessee. Moreover, in denying Bringley's second promotion request, Catapano observed that she lacked familiarity with relevant procedures,

5

having been away from the Maintenance Department for a year. While Bringley asserts that Catapano had refused to allow her to return to Maintenance after she left for a better-paying position in a different department, she admitted at her deposition that this alleged refusal forms no part of her claim, and the record contains no competent evidence that such an opening in Maintenance even existed.

In light of the evidence as a whole, Bringley's contentions that she was more qualified than either candidate are subjective conclusions without evidence that would "reasonably support[] a finding of prohibited discrimination." James v. N.Y. Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000). Statements offered by Bringley that one of the candidates habitually harassed female co-workers, or that Catapano was commonly known to engage younger female employees in flirtation, even if admissible, are not probative of unlawful gender discrimination in the challenged promotions. See Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64–65 (2d Cir. 1997) (characterizing assertions of "common knowledge" about fraternization between male supervisors and lower-ranking female employees to be "little more than conclusory statements of no probative value"). In fact, Bringley concedes that Catapano aided a younger female maintenance employee, Rebecca Nevins, in ascending to the position of postmaster. During the same time period, the committee headed by Catapano selected a woman, Molly Knights, for the position of Supervisor of Maintenance Operations on Tour 1. Bringley refused to apply for this or any Tour 1 position.

Accordingly, summary judgment was proper on Bringley's failure-to-promote claims.

6

3.    Retaliation Claims

Finally, Bringley asserts that the district court erred in granting summary judgment on her claims of retaliation based on her filing of EEOC complaints and civil lawsuits alleging discrimination by Catapano between April 2007 and February 2009.  Claims of Title VII retaliation "are also analyzed under the McDonnell Douglas burden-shifting test," Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010), with the standard for retaliation "tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint," Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 69 (2006).  Here, the district court properly concluded that Bringley had failed to raise a triable issue of fact on her claims of unlawful retaliation by Catapano, because neither Catapano's temporary deactivation of Bringley's security badge after she left the Maintenance Department in 2007 nor the contested 2008 promotion decisions adequately evince an unlawful retaliatory motive.  Nothing in the record supports a contrary conclusion.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7