12-0857-cv(L)
Govori v. Goat Fifty, L.L.C.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand thirteen.

Present:
        ROBERT D. SACK,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,

                *Circuit Judges.*

_____

Elira Govori,

                *Plaintiff – Appellant – Cross-Appellee*,

        v.                                                                Nos.    12-0857-cv (Lead)
                                                                                    12-0861-cv (XAP)

Goat Fifty, L.L.C., DBA Nelson Blue Bar and Grill, Frank Casano, Individually, as Owner,

                *Defendants – Appellees – Cross-Appellants*.

_____

FOR APPELLANT:                     NEAL BRICKMAN, The Law Offices of Neal Brickman, P.C., New York, New York.

FOR APPELLEES:                     LAWRENCE CARUSO GLYNN, Caruso Glynn, LLC, Fresh Meadows, New York.

_____

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Elira Govori ("Govori") appeals from the judgment of the district court entering summary judgment in favor of Defendants Goat Fifty, L.L.C. ("Goat Fifty"), corporate owner of the Nelson Blue Bar and Grill ("Nelson Blue"), and individual owner Frank Casano (collectively "Defendants") on Govori's claim of gender discrimination asserted under Title VII and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), New York State Executive Law § 296(1), and New York City Administrative Code § 8-107(1). Defendants cross-appeal from the judgment of the district court and its order denying Defendants' earlier motion to dismiss and concluding that Plaintiff's claim of gender discrimination was within the ambit of the Pregnancy Discrimination Act based on Govori's allegations that Nelson Blue fired Govori because she decided to undergo infertility treatment in the hope of becoming pregnant. *See* 42 U.S.C. § 2000e(k) ("The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . ."); *see also Saks v. Franklin Covey Co.*, 316 F.3d 337, 343-44 (2d Cir. 2003).

We affirm the district court's decision granting Defendants' motion for summary judgment, and we decline to consider the cross-appeal because, even if the Pregnancy Discrimination Act covers the type of claim Govori has advanced, Defendants have presented legitimate, non-discriminatory reasons for Govori's termination based on her poor work

2

performance in the months prior to her termination, which Govori failed to counter with admissible evidence tending to show that the reasons tendered were pretextual. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only as necessary to explain our decision to affirm.

We review *de novo* a grant of summary judgment, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007), and we "will uphold the judgment if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law," *Global Network Commc'ns, Inc. v. City of New York*, 562 F.3d 145, 150 (2d Cir. 2009). We are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 433 (2d Cir. 2005) (internal quotation marks omitted), but we can affirm on any ground appearing in the record, *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010).

"At the summary-judgment stage, properly exhausted Title VII claims are ordinarily analyzed under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), and its progeny." *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008). First, Govori "must carry the initial burden under the statute of establishing a prima facie case of [gender] discrimination," *McDonnell Douglas*, 411 U.S. at 802, which requires Govori to "show that: 1) [s]he belonged to a protected class; 2) [s]he was qualified for the position; 3) [s]he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent," *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). Second, if Govori meets this initial burden, "[t]he burden then must

3

shift to the employer to articulate some legitimate, nondiscriminatory reason for the [employer's actions]." *McDonnell Douglas*, 411 U.S. at 802. Third, if the employer meets this burden, the burden then shifts back to Govori to show "pretext," *id.* at 804-805, and, "'to defeat summary judgment[,] . . . the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination,'" *Terry*, 336 F.3d at 138 (quoting *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)).

Assuming, as the district court did, that Govori has established a prima facie case of gender discrimination, we hold that Defendants have demonstrated a non-pretextual reason for termination of Govori's employment. That is, Defendants dismissed Govori because of her sub-par customer service that included ignoring her tables, her quarrelsome relations with other employees, and her refusal to complete menial tasks required of servers. Govori argues that we must view these reasons as pretextual, but we do not agree. Our review of the evidence submitted, viewed in the light most favorable to Govori, leads us to conclude that Defendants offered legitimate and non-discriminatory reasons for Govori's termination from Nelson Blue, and no reasonable jury could view them otherwise.

First, any temporal proximity between Govori's announcement of her IVF injections and her subsequent firing does not by itself raise a genuine issue of pretext. As this Circuit has explained in the retaliation context, while temporal proximity between events may give rise to a *prima facie* case of discrimination, "such temporal proximity is insufficient to satisfy [plaintiff's] burden to bring forward some evidence of pretext." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (per curiam). We think this reasoning is equally applicable to the case at hand, where Govori has pointed to proximity between a statement purportedly revealing her

protected status and an adverse employment action. Moreover, the evidence of such temporal proximity in this case is weak. Though Govori testified that she was fired shortly after informing her managers that she had begun in-vitro fertilization ("IVF"), it is undisputed that those managers had already known for months that Govori wanted to become pregnant and was considering IVF. Govori's March 11 statement announced, at most, her commencement of but one more step toward her previously announced but still uncertain goal of conceiving a child.

Nor can the alleged comment of daytime bar manager Michelle Gervais about Govori "have[n] chosen another path,"[1] which she made during the phone conversation in which she fired Govori, support an inference of discriminatory intent. Govori contends that Gervais's alleged mention of "another path" was actually a reference to the term "mommy track." *See* Tamar Lewin, *'Mommy Career Track' Sets Off a Furor*, N.Y. Times, March 8, 1989, at A18. While this may be a possible interpretation of Gervais's remark, we do not think it is a plausible one. *See Sassaman v. Gamache*, 566 F.3d 307, 313 (2d Cir. 2009) ("The choice between *plausible* interpretations of [a supervisor's] remarks is a question of fact to be resolved by a jury.") (emphasis added). The alleged remark does not contain any variant of the word "mommy," and we note that nearly all the relevant articles cited in Govori's briefs use the phrase "mommy *track*" rather than "mommy *path*." If there is any ambiguity about whether Gervais was referring to pregnancy and motherhood, it appears "only after extensive linguistic contortion" of her alleged comment. *See Joyce v. Curtiss-Wright Corp.*, 171 F.3d 130, 134 (2d Cir. 1999). This is all the more true given that Gervais and Govori were friends at the time of the remark, and "choosing another path" is the kind of euphemism that a manager might plausibly use as an attempt to soften the blow of firing an employee with whom she was close.

---

[1] Gervais has a different recollection of the statement, but in reviewing the grant of summary judgment we consider only Govori's articulation of it.

Accordingly, we view the district court's statement that Gervais's comment was "too ambiguous" to mean only that there was not enough evidence for a reasonable jury to conclude that Gervais was referring to Govori's possible pregnancy. It does not mean, as Govori contends, that the district court impermissibly acted as an ultimate finder of fact. To the contrary, the court made the perfectly appropriate determination that no reasonable finder of fact could conclude from both Gervais's remark and other evidence in the record that Govori had met her burden of proving pretext.

Turning to Govori's remaining contentions, Govori argues that Defendants have offered "shifting" justifications for her termination, which supports an inference of discriminatory intent, and that Defendants never reported any problems to Govori or gave her a warning, which Govori contends would be expected if her performance was actually as poor as Defendants now assert it was. A review of the evidence presented during Gervais' EEOC interview, the affidavits in support of Defendants' motion for summary judgment, and Defendants' positions advanced on appeal establishes, however, that Defendants have consistently pointed to Govori's poor work performance as the reason for her termination and that Defendants have not shifted positions. Considering the testimony of managers Diane Honeywell and Paul Morgan, day bar manager Gervais, and fellow day servers Emily Slater and Gary Neishloss, Defendants clearly have presented sufficient evidence to show that Govori, who worked as a day server, had a history of poor customer service, of conflict with other employees, and of repeated failures to perform work that other servers and managers testified was required of employees at Nelson Blue, particularly in the few months preceding her termination in March 2010. Govori's speculation that she should have received a warning if her performance was as poor as Defendants say is not

6

sufficient to meet her burden on summary judgment to overcome Defendants' proof or to demonstrate pretext. *See Terry*, 336 F.3d at 138.

Govori argues that none of Defendants' proffered justifications, except for the customer incident, were "fireable" offenses and further that the customer incident never occurred because the customer later testified he did not recall it. At the time of Govori's firing, Nelson Blue did not specify what constituted a "fireable" offense, although several managers testified that a confrontation with a customer would certainly qualify. While the customer, Robert Mullan, did testify that he did not remember that Govori had been rude to him, the decision to fire Govori because Nelson Blue believed that Govori had been rude to a customer does not raise any inference that Nelson Blue's decision ultimately to fire Govori was motivated by a discriminatory intent.

We have considered all of Govori's remaining arguments and find them to be without merit. Because we affirm the district court's judgment on the ground that Defendants had a legitimate, non-discriminatory reason for terminating Govori's employment, which Govori has failed to rebut, we do not decide whether the Pregnancy Discrimination Act would reach the challenged conduct alleged in Govori's complaint. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk