Piasecki v. Shinseki

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand fourteen.

PRESENT: DENNIS JACOBS,
          DEBRA ANN LIVINGSTON,
          GERARD E. LYNCH,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Bonnie Piasecki,
      Plaintiff-Appellant,

Irene Prevorse, Jan Hensel,
      Plaintiffs,

      -v.-                     13-1376-cv

Eric Shinseki, Secretary, Department of Veterans Affairs,
      Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          JEFFREY WICKS, Jeffrey Wicks, PLLC, Rochester, New York.

**FOR APPELLEE:**                    MICHAEL S. CERRONE, Assistant United States Attorney, (Jane B. Wolfe, Assistant United States Attorney, on the brief), for William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Bonnie Piasecki appeals from the final judgment of the United States District Court for the Western District of New York (Arcara, J.), granting summary judgment in favor of the Department of Veteran Affairs ("VA") on Piasecki's Title VII (42 U.S.C. § 2000e, et seq.) retaliation claims. On appeal, Piasecki argues that the evidence is sufficient to permit a reasonable jury to find that she was fired from her nursing assistant position at the VA for complaining about sexual harassment by a co-worker and not, as the VA claims, for lying under oath during an administrative investigation and inappropriate workplace behavior. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court's grant of summary judgment is reviewed de novo. See Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Id. In making this determination, we "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Retaliation claims are governed by the McDonnell Douglas Corp. v. Green burden-shifting framework. See 411 U.S. 792, 802-4 (1973). Once an employer asserts a non-retaliatory reason for a termination, the employer "will be entitled to summary judgment unless the plaintiff can point to evidence" that reasonably supports a finding of retaliation. Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005) (ellipsis and citation omitted).

In the district court, Piasecki conceded "that [the VA] has articulated a clear, legitimate and non-retaliatory reason for terminating [Piasecki], *i.e.* the [Administrative Board of Investigation]'s intervening findings against [Piasecki] after she complained about sexual harassment against Pontillo five months earlier." Plaintiff's Objections to M.J. Scott's Report & Recommendation at 9, Piasecki v. Shinseki, No. 10-cv-208 (W.D.N.Y. Dec. 29, 2012), ECF No. 47 ("Objections to R&R"). However, Piasecki offered evidence that "the proposed removal in February 2009 and the actual removal in May 2009 occurred in close proximity of time to [Piasecki's] protected activity," and argued that this was sufficient to show that the VA's stated reason was mere pretext. Id. at 10-11.

"The temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation under Title VII, but without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext." El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010). Although Piasecki asserted that the board "elect[ed] to focus on [Piasecki], the victim[], and not Pontillo, the perpetrator," Objections to R&R at 10, her evidence does not support this claim. Moreover, Piasecki does not dispute the board's findings that her oral statements during the investigation, made under oath, contradicted her earlier statements in numerous respects.

Piasecki's reliance on Gilooly v. Missouri Department of Health & Senior Services, 421 F.3d 734 (8th Cir. 2005), is unavailing. Gilooly held that a retaliation claim survives summary judgment when the employer's stated reason for disciplinary action was simply that it disbelieved the employee's discrimination complaint. Even assuming (without deciding) that holding was correct, that court distinguished

3

a case in which the employer "found a clearer record of deception and detailed the basis for such findings." Id. at 741. Here, the VA conducted a lengthy investigation and laid out extensive evidence of Piasecki's deception, as well as evidence of significant workplace misconduct. Piasecki offers no meaningful rebuttal of the VA's findings and no evidence that those findings were pretextual.

    For the foregoing reasons, and finding no merit in Piasecki's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

4