13-4509-cv
*Cummings-Fowler v. Suffolk Cnty. Cmty. Coll.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fourteen.

PRESENT:    JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
            PETER W. HALL,
                    *Circuit Judges.*

---

MICHELLE CUMMINGS-FOWLER,

      *Plaintiff-Appellant,*

      v.                                                  No. 13-4509-cv

SUFFOLK COUNTY COMMUNITY COLLEGE,
JAMES CANNIFF, RICHARD BRITTON,

      *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          RICK OSTROVE, Leeds Brown Law, P.C., Carle Place, NY.

**FOR DEFENDANTS-APPELLEES:**         CHRISTOPHER M. GATTO, Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Michelle Cummings-Fowler appeals from the District Court's November 6, 2013 entry of summary judgment in favor of defendants on plaintiff's claims of hostile work environment, employment discrimination, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

## BACKGROUND

On September 9, 2009, plaintiff served a complaint against her employer, Suffolk County Community College ("SCCC"), and her supervisors, alleging hostile work environment and employment discrimination. On September 28, 2009, SCCC hired plaintiff's estranged husband, Darryl Fowler, as a part-time test proctor, despite knowing that plaintiff had two orders of protection against Fowler. Fowler's start date was October 5, 2009. Unbeknownst to SCCC, however, on September 29, 2009, plaintiff obtained a third order of protection prohibiting Fowler from going near her home or place of work.

In October 2009, plaintiff learned of Fowler's hiring and informed SCCC of the third order of protection. On October 19, 2009, SCCC sent Fowler a letter stating that he was being terminated because of the third order of protection. SCCC shared the letter with plaintiff before sending it to Fowler.

Fowler received the termination letter on October 20, 2009. That same day, after receiving the letter, Fowler broke into plaintiff's home and shot her ten times, grievously injuring her. Fowler ultimately pleaded guilty to attempted murder and was sentenced to twenty years' imprisonment.

On April 26, 2012, plaintiff filed a second amended complaint, adding a retaliation claim against SCCC for hiring Fowler and for terminating him in such a way that he would blame plaintiff. On November 4, 2013, the District Court granted summary judgment in favor of defendants on all claims because, among other reasons, there was insufficient evidence of discriminatory or retaliatory intent. On appeal, plaintiff challenges only the District Court's dismissal of her retaliation claim against SCCC, and only with respect to the manner in which SCCC terminated Fowler's employment.

## DISCUSSION

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate

where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Retaliation claims under Title VII follow the familiar burden-shifting analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 (2d Cir. 2011). If the plaintiff establishes a prima facie case of retaliation, then a rebuttable presumption of retaliation arises and the burden shifts to the defendant to articulate a "legitimate non-retaliatory" reason for the employment decision. *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 932 (2d Cir. 2010). The burden then shifts back to the plaintiff to prove that her protected activity "was a but-for cause of an adverse employment action[, for example,] by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate nonretaliatory reasons for its action." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly granted summary judgment in favor of SCCC on plaintiff's retaliation claim. Although the circumstances surrounding the shooting of plaintiff by her estranged husband are tragic, on this record we cannot say that a reasonable jury could find SCCC liable for a retaliation claim under Title VII.

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the reasons stated above, the November 6, 2013 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk