18-3295-cv
Ahmed v. Am. Museum of Nat. History

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

------------------------------------------------------------------

TAREK AHMED,

*Plaintiff-Appellant,*

v.                                                              No. 18-3295-cv

AMERICAN MUSEUM OF NATURAL HISTORY, SAMUEL TRAN,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT:	STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, New Paltz, NY.

FOR APPELLEES:	IVIE A. GUOBADIA (Christine L. Hogan, *on the brief*), *for* Littler Mendelson, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Tarek Ahmed appeals from a judgment of the District Court (Cote, J.) granting summary judgment in favor of the American Museum of Natural History (the Museum) and Samuel Tran. Ahmed alleged that the Museum and Tran retaliated against him for objecting to sexual harassment that he witnessed, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the New York State Human Rights Law, N.Y. EXEC. LAW § 290 et seq., and the New York City Human Rights Law, N.Y.C. ADMIN. CODE § 8-101 et seq. On appeal, Ahmed argues that: (1) the District Court erred in holding that he failed to establish a prima facie case of causation; and (2) genuine issues of material fact

2

preclude summary judgment as to whether the Museum's asserted non-retaliatory reasons for its employment decisions were pretextual. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Even assuming that Ahmed has established a prima facie case of retaliation under the relevant burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), we conclude that the District Court correctly granted summary judgment. Ahmed's retaliation claim rests on two adverse employment actions taken by the Museum: (1) the revocation of its offer to Ahmed of a full-time position as a software developer; and (2) the termination of its contract with Ahmed's independent-contracting company. Ahmed alleged that both actions were taken in retaliation for Ahmed's objections to Tran's alleged sexual harassment of a female coworker.

In response, the Museum adduced substantial evidence of legitimate, non-discriminatory reasons for its adverse employment decisions. See McDonnell Douglas, 411 U.S. at 802. With respect to the revocation of Ahmed's job offer,

3

there is documentary evidence that Ahmed misrepresented his credentials in his job application materials. The misrepresentation was flagged during a background check, the satisfactory completion of which was a condition of the offer. It is undisputed that LaToya Young, the Museum's Human Resources officer responsible for approving the job offer, advised the Museum's Chief Information Office, Juan Montes, that she opposed the offer, and that Montes, after initially resisting Young's conclusion, changed his mind and agreed. As for the Museum's termination of its contract with Ahmed's company, there is evidence that after Ahmed's job offer was withdrawn, Ahmed exhibited behavior perceived by Catherine Devine, the Museum's Chief Digital Officer, as sufficiently volatile to raise concerns about Ahmed's access to the Museum's information technology systems as an independent contractor. Devine voiced these concerns to Montes and suggested that he terminate Ahmed's contract, which Montes did.

On this record, no reasonable juror could conclude that the proffered reasons for the Museum's decisions were pretextual. First, Ahmed's evidence of retaliatory motive is extremely weak, a factor relevant to the analysis of

4

pretext. See McDonnell Douglas, 411 U.S. at 804. The behavior that Ahmed asserts triggered the retaliation consisted of Ahmed telling an intoxicated Tran, during a work-related social function, to desist from behavior arguably constituting sexual harassment. But there is no evidence that any of the Museum employees involved in taking the adverse actions (Montes, Devine, and Young) were aware of the incident. Nor is there any evidence to support Ahmed's speculative suggestion that Tran, who had no decision-making role in the personnel actions, persuaded Montes to assent to the revocation of Ahmed's offer or to terminate his contract. See Vasquez v. Empress Ambulance Serv., Inc., 835 F.3d 267, 271–72 (2d Cir. 2016).

We are also unpersuaded by Ahmed's claim that the Museum had employed other candidates who inaccurately represented their academic credentials in their applications. The Museum offered evidence that it consistently rejected applicants who falsified their credentials and that the few exceptions to which Ahmed points were made only after the Museum determined that the candidate's errors were good-faith mistakes, a determination that was not made in Ahmed's case. Accordingly, no reasonable jury could find

that the stated reasons for the challenged actions were pretexts for retaliatory actions taken because of Ahmed's alleged intervention upon witnessing Tran's alleged behavior.   See El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010).

        We have considered Ahmed's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court