21-222-cv
*Gokhberg v. PNC Bank, N.A.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-two.

PRESENT: JOSÉ A. CABRANES,
GERARD E. LYNCH,
WILLIAM J. NARDINI,
*Circuit Judges.*

---

YURY GOKHBERG,

          *Plaintiff-Appellant,*                 21-222-cv

          v.

PNC BANK, N.A.,

          *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Yevgeny Tsyngauz, Tsyngauz & Associates, P.C., New York, NY.

**FOR DEFENDANT-APPELLEE:**          Robert S. Whitman, Maria Papasevastos, Seyfarth Shaw LLP, New York, NY.

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 8, 2021, judgment of the District Court be and hereby is **AFFIRMED**.

Yury Gokhberg alleges PNC Bank, N.A. fired him in retaliation for his complaint of discriminatory lending practices based on marital status, and thereby violated the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296(1)(e), 296-a(1)(a), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(5)(d) & (7). Gokhberg appeals the District Court's entry of summary judgment for PNC. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo . . . a district court's grant of summary judgment." *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (citation omitted). "Summary judgment is proper only where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). Accordingly, we "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in [his] favor." *Id.* (alterations adopted) (citation omitted).

We evaluate Gokhberg's NYSHRL retaliation claim under the familiar burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (noting that the standard is the same under Title VII and NYSHRL). Under this framework, Gokhberg must establish a prima facie case of retaliation. *See Bentley v. AutoZoners, LLC*, 935 F.3d 76, 88 (2d Cir. 2019). If he does, PNC must "articulate some legitimate, nondiscriminatory reason for its action." *Id.* (citation and internal quotation marks omitted). If it does, Gokhberg "bears the ultimate burden to show that the employer's proffered reason was merely a pretext for an unlawful motive." *Id.* at 88–89 (citation and internal quotation marks omitted).

PNC does not challenge the District Court's holding that Gokhberg established a prima facie case of retaliation. Instead, it claims that it fired Gokhberg due to two instances of misconduct. First, Gokhberg submitted loan applications on behalf of his married clients for two separate primary residence loans, knowing that they planned to combine the two properties, but omitting that information from their applications. PNC proffered evidence that combining properties would raise concerns regarding the value of the collateral securing the loans, and, accordingly, that Gokhberg's omission violated its Code of Business Conduct and Ethics ("COBE"), which bars misleading entries or reports. Second, Gokhberg forwarded internal emails discussing client information and PNC's decision-making to his clients' attorney. PNC proffered evidence that this violated the COBE requirement to safeguard confidential information. PNC further proffered evidence that Gokhberg's action was inconsistent with the request of his supervisor, though Gokhberg maintains that he did not see this request prior to forwarding the emails. These reasons meet PNC's burden of

production. *See Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 169 (2d Cir. 2001) (holding that an employer may legally fire "an employee who the employer in good faith believes recently engaged in fraud relating to the employment").

Gokhberg has not adduced evidence from which a reasonable jury could conclude that these reasons were pretext, and that Gokhberg was fired because of his complaint about discriminatory lending practices. The affidavits attesting to the propriety of offering primary residence financing to both of his clients, notwithstanding their marriage, do not dispute the impropriety of Gokhberg withholding from PNC his clients' plans to combine the properties. And while the affidavits attest to the propriety of loan officers obtaining transaction documents—such as the contract or title search— from borrowers' lawyers, they do not dispute the impropriety of Gokhberg forwarding emails to persons outside the bank containing PNC's client information and internal deliberations. Furthermore, Gokhberg has not adduced evidence that PNC's nondiscriminatory reasons are inconsistent. *Cf. Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013) (noting that inconsistencies in the employer's rationale can support an inference of pretext). Although a reasonable jury could conclude from the PNC investigator's handwritten notes and internal messages that he preliminarily thought that the forwarded emails did not contain proprietary information, and that Gokhberg's acts did not merit termination, it is undisputed that the investigator ultimately concluded the opposite on both counts. And there is no evidence from which a reasonable jury could conclude that the investigator reached this conclusion because of an unlawful intent to retaliate. *See Roge*, 257 F.3d at 170 (affirming summary judgment where the plaintiff did not offer evidence that the defendant's justifications, "even if pretextual, served as pretext for [unlawful] discrimination" (citation omitted)).

Nor does any other evidence support a finding of pretext. The facts that the investigators collaborated and discussed their conclusion and celebrated Gokhberg's firing do not support an inference of pretext or retaliation. And, without more, the timing of PNC's investigation "is insufficient to satisfy [Gokhberg's] burden to bring forward some evidence of pretext." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010).

We evaluate Gokhberg's NYCHRL claim "separately and independently." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). "NYCHRL's retaliation provision is broader than [NYSHRL's]—protecting plaintiffs who oppose any practice forbidden under the law from conduct reasonably likely to deter a person engaging in such action." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015) (alteration adopted) (citation and internal quotation marks omitted). Because no reasonable jury could find that PNC fired Gokhberg in retaliation for his complaint, "there is simply no evidence that [PNC] engaged in any conduct 'reasonably likely to deter a person' from complaining about NYCHRL violations." *Id.* at 76–77; *see* N.Y.C. Admin. Code § 8-107(7).

## CONCLUSION

We have reviewed all of the arguments raised by Gokhberg on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 8, 2021, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court