18-632-cv
Molina v. City of Rochester

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
                    RAYMOND J. LOHIER, JR.,
                            *Circuit Judges*,
                    LEWIS A. KAPLAN,*
                            *District Judge.*

------------------------------------------------------------------

RICHARD MOLINA,

      *Plaintiff-Appellant*,

    v.                                                                No. 18-632-cv

CITY OF ROCHESTER,

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendant-Appellee,*

COMMISSIONER PAUL HOLAHAN, Individually and in His Official Capacity as Commissioner of the Department of Environmental Services of the City of Rochester, THEO MAXEY, CHARLES LUNDY, THOMAS BELKNAP, BAR MEESH, KAREN SIMONI, NORMAN JONES, Individually and in their official capacities as Officers of Defendant City of Rochester,

*Defendants.*

----------------------------------------------------------------

FOR APPELLANT: JOHN M. REGAN, JR., Rochester, NY.

FOR APPELLEE: JOHN M. CAMPOLIETO, Office of the Corporation Counsel, City of Rochester, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Jonathan W. Feldman, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Richard Molina appeals from a judgment of the District Court (Feldman, M.J.) dismissing his claims against the City of Rochester for disability

2

discrimination and retaliation under the Americans with Disabilities Act, as amended (ADA) and New York State Human Rights Law (NYSHRL). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, Molina challenges three conclusions of the District Court: (1) Molina was not disabled after he returned to work in January 2012; (2) Molina did not show the existence of an accommodation that would allow him to perform the essential functions of his employment; and (3) Molina did not produce evidence sufficient to show discrimination or retaliation. We need not decide the first challenge — whether the District Court erred in determining that Molina was disabled after January 2012. Even assuming Molina was disabled after that date, his claims fail as a matter of law.[1]

First, Molina "bears the burdens of both production and persuasion as to the existence of some accommodation that would allow [him] to perform the essential functions of [his] employment." McBride v. BIC Consumer Prods.

---

[1] We note that Molina has not argued that the District Court erred by dismissing his NYSHRL claims for the same reasons as his ADA claims.

Mfg. Co., 583 F.3d 92, 97 (2d Cir. 2009); see also Shannon v. N.Y.C. Transit Auth., 332 F.3d 95, 100 (2d Cir. 2003); 29 C.F.R. § 1630.2(n)(1). Molina failed to provide such evidence of a reasonable accommodation, which "may include, inter alia, modification of job duties and schedules, alteration of the facilities in which a job is performed, acquisition of devices to assist the performance of job duties, and, under certain circumstances, reassignment to a vacant position." McBride, 583 F.3d at 97 (quotation marks omitted); see 42 U.S.C. § 12111(9)(B). In particular, we agree with the District Court that Molina failed to identify a reasonable accommodation that would allow him to perform the essential functions of his job, or to "demonstrate the existence, at or around the time when accommodation was sought, of an existing vacant position to which [he] could have been reassigned." McBride, 583 F.3d at 97–98; see Joint App'x 134–40. Molina counters that a reasonable accommodation would have been to assign him to part-time or modified work schedules, trash routes, or less physically demanding recycling routes. But Molina produced no evidence that (and does not describe how) he would be able to complete the essential functions of his job even with any of his proposed accommodations. His failure to accommodate

4

claim thus fails as a matter of law. See Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 140 (2d Cir. 1995); 29 C.F.R. § 1630.2(o).

Next, Molina argues that the District Court erred in granting summary judgment on his discrimination and retaliation claims based on his three-day suspension in 2009 and later termination. As evidence of discriminatory or retaliatory intent, Molina relies on (1) the temporal proximity between his placement on light duty on January 2, 2009, and his suspension the following business day on January 5, 2009, and (2) the City's failure to engage with him in an interactive process to identify a potential reasonable accommodation. In response, the City explains that the 2009 suspension and later termination resulted from Molina's numerous disciplinary infractions, several of which pre-date the time of his first injury in late 2008.

"A plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010) (quotation marks omitted). In addition, we have recognized that "an employer's failure to engage in a good

faith interactive process [to identify a reasonable accommodation] can be introduced as evidence tending to show disability discrimination." Sheng v. M&T Bank Corp., 848 F.3d 78, 87 (2d Cir. 2017); see McBride, 583 F.3d at 101. However, temporal proximity alone is "insufficient to satisfy [plaintiff's] burden" at the third stage of the McDonnell Douglas analysis. El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010). Here, in light of his prolific and longstanding disciplinary record, Molina has not adduced sufficient evidence for a reasonable jury to conclude that the City suspended or terminated him for discriminatory or retaliatory reasons rather than as a result of his disciplinary problems.

Finally, for the same reasons stated above, even assuming without deciding that an ADA mixed-motive discrimination claim under the framework in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) is still viable after Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009), Molina has not produced evidence warranting a shift in burden under Price Waterhouse. See Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 173–74 (2d Cir. 2006) ("[T]o warrant a mixed-motive burden shift, the plaintiff must be able to produce a smoking gun or at

least a thick cloud of smoke to support his allegations of discriminatory treatment." (quotation marks omitted)).

We have considered Molina's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
