18-2083-cv
Rodriguez-Coss v. Barr

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand nineteen.

PRESENT: DENNIS JACOBS,
             RAYMOND J. LOHIER, JR.,
             MICHAEL H. PARK,
                *Circuit Judges.*

-----------------------------------------------------------------

JACABED RODRIGUEZ-COSS,

      *Plaintiff-Appellant*,

    v.                                    No. 18-2083-cv

WILLIAM P. BARR, United States Attorney General,

      *Defendant-Appellee.*

-----------------------------------------------------------------

FOR APPELLANT:                KEVIN G. LITTLE, Law Office of Kevin G. Little, Fresno, CA.

FOR APPELLEE:                    KRUTI D. DHARIA, Assistant
                                 United States Attorney, <u>for</u>
                                 Craig Carpenito, United States
                                 Attorney, District of New
                                 Jersey, Newark, NJ.

Appeal from a judgment of the United States District Court for the District

of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Jacabed Rodriguez-Coss appeals from a judgment of the District Court

(Bryant, <u>J.</u>), dismissing her claims against the United States Attorney General for

discrimination and retaliation due to gender and parental status under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, and discrimination

under the Rehabilitation Act of 1973, 29 U.S.C. § 701 <u>et seq.</u>   On appeal,

Rodriguez-Coss challenges only the District Court's dismissal of her claims for

gender discrimination and retaliation under Title VII.   We assume the parties'

familiarity with the facts and record of the prior proceedings, to which we refer

only as necessary to explain our decision to affirm.

## 1. Discrimination

As part of her prima facie case, Rodriguez-Coss had to show that she suffered an adverse employment action, defined as "a materially adverse change in the terms and conditions of employment." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015) (quotation marks omitted). Rodriguez-Coss claims in part that she was discriminated against when she was assigned to United States v. Stone, a capital case in the Eastern District of California, and her supervisors proved unwilling to transfer the case to another attorney or to otherwise accommodate her needs. Although "the assignment of a disproportionately heavy workload can constitute an adverse employment action," id. (quotation marks omitted), there was no evidence on summary judgment that Rodriguez-Coss's continued assignment to Stone resulted in a disproportionately heavy workload. First, an uncontested summary chart for fiscal years 2008 to 2014 showed that Rodriguez-Coss traveled less than many of the other male and female trial attorneys in the Capital Case Section.[1] Second,

---

[1] Rodriguez-Coss argues that the District Court should have excluded this chart because the underlying records had not been made available for review during discovery. But Rodriguez-Coss did not present any evidence that she asked for the

3

Rodriguez-Coss agreed that she was able to take on another case before she was assigned to Stone. Accordingly, we agree with the District Court that Rodriguez-Coss has failed to demonstrate that her allegedly heavy workload constituted an adverse employment action.

Next, even assuming that Rodriguez-Coss made a prima facie case for discrimination with respect to the Flexiplace Agreement and letter of reprimand, her discrimination claim fails under the third step of McDonnell Douglas, where "the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." Walsh v. N.Y.C. Hous. Auth., 828 F.3d 70, 75 (2d Cir. 2016) (quotation marks omitted). In light of Rodriguez-Coss's resistance to trying the Stone case and the repeated criticisms she received from federal judges for failing to meet court deadlines, we agree with the District Court that Rodriguez-Coss has failed to meet her burden.

---

underlying data, and the District Court did not abuse its discretion in considering the chart.

## 2. Retaliation

Rodriguez-Coss also argues that the District Court mistakenly concluded that the summer of 2012 was the only time she complained of being denied accommodations based on her gender. She states that her complaints extended through the fall of 2013 and are therefore temporally proximate to the decisions relating to her Flexiplace Agreement and her reprimand. But temporal proximity alone is ordinarily "insufficient to satisfy [plaintiff's] burden" at the third McDonnell Douglas stage. El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010). Rodriguez-Coss failed to adduce sufficient evidence that "the desire to retaliate was the but-for cause of the challenged employment action[s]." Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 70 (2d Cir. 2015) (quotation marks omitted).

We have considered Rodriguez-Coss's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5