20-4236-cv
Boatright v. U.S. Bancorp

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-two.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
          MYRNA PÉREZ,
                    *Circuit Judges*.

------------------------------------------------------------------

FAYE BOATRIGHT,

          *Plaintiff-Appellant*,

          v.                                      No. 20-4236-cv

U.S. BANCORP, U.S. BANK NATIONAL ASSOCIATION, U.S. BANCORP INVESTMENTS, INC., jointly, severally and in the alternative,

          *Defendants-Appellees*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: NEIL MULLIN, Smith Mullin, P.C., Montclair, NJ

FOR DEFENDANTS-APPELLEES: JONATHAN STOLER (Eric D. Raphan, Lindsay C. Stone, Sheppard Mullin, *on the brief*), New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Faye Boatright appeals from the December 16, 2020 judgment of the United States District Court for the Southern District of New York (Liman, J.) granting summary judgment in favor of U.S. Bancorp, U.S. Bank National Association, and U.S. Bancorp Investments, Inc. ("Defendants"). Boatright alleged race- and gender-based discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8–107. We assume the parties' familiarity with the underlying facts and record of prior proceedings,

to which we refer only as necessary to explain our decision to affirm.

**I.      Local Rule 56.1**

As an initial matter, Boatright argues that the District Court was wrong to credit as undisputed the statement of facts set forth in the Defendants' Rule 56.1 Statement. Under Local Civil Rule 56.1 of the Southern and Eastern Districts of New York, a statement of fact "will be deemed to be admitted . . . unless specifically controverted" with a "citation to evidence which would be admissible." Rule 56.1(c)–(d) (emphasis added). Boatright's responses to the Defendants' Rule 56.1 Statement did not properly controvert the statement of facts relevant to this appeal, as required by Local Rule 56.1.[1] See, e.g., Russell v. Aid to Developmentally Disabled, Inc., 753 F. App'x 9, 12–13 (2d Cir. 2018) (summary order). Given the District Court's "broad discretion to determine whether to overlook a party's failure to comply with local court rules," Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001), we conclude that it did not abuse its discretion in crediting as undisputed those facts that Boatright did not

---

[1] The only fact that Boatright appears to specifically controvert is the Defendants' claim that she was regarded as a "coverage banker" at the time of hire. But the District Court did not rely on that fact in its analysis.

3

properly controvert in her opposition and on which the court relied in granting summary judgment. See id.

## II.    Discrimination Claims

Boatright's main claim of discrimination under Title VII, the NYSHRL, and the NYCHRL is that the Defendants compensated her less than Paul Scott Nagelson, a white male colleague, for the same work.

We analyze Boatright's claims under Title VII and the NYSHRL using the familiar McDonnell Douglas burden-shifting framework. See Walsh v. N.Y.C. Hous. Auth., 828 F.3d 70, 74–75 (2d Cir. 2016). Under that framework, the District Court determined that, to the extent Boatright's discrimination claims rely on comparing herself to Nagelson, she failed to show that the Defendants' legitimate non-discriminatory reasons for the pay gap were a pretext for discrimination. We agree for several reasons. First, the circumstances of Nagelson's recruitment were different from Boatright's and resulted in a perceived need to recruit him aggressively with an unusually high pay offer, in addition to which he was hired to work within the Defendants' prime geographic region, whereas Boatright was not. Second, Nagelson had

4

substantially more prior experience in banking than Boatright. Third, he was responsible for serving as the supervisory principal of the Defendants' San Francisco office (and had a license that qualified him to do so), whereas Boatright lacked such a license and worked in an office that already had a supervisory principal. Thus, while Boatright and Nagelson had the same job title, their jobs were quite different in practice. Fourth, the Defendants' system for awarding bonuses accounted for interpersonal skills and the quantity and quality of revenue generation — metrics on which Nagelson indisputably outperformed Boatright. In short, Boatright failed to show that the Defendants' explanations were a pretext for discrimination, much less that the pay gap was "more likely than not based in whole or in part on discrimination." Kirkland v. Cablevision Sys., 760 F.3d 223, 225 (2d Cir. 2014) (quotation marks omitted).

Boatright also points to the Defendants' responses to the Equal Employment Opportunity Commission (EEOC) and their answer to Boatright's complaint to argue that the Defendants' "shifting explanations" for the pay gap and for her termination demonstrate that their asserted justifications on summary judgment were pretextual. Pl.'s Br. at 41. But the record shows that

5

the Defendants acknowledged a pay gap between Boatright and Nagelson and consistently asserted to the EEOC that the difference in experience levels, job responsibilities, and geographic locations contributed to the gap. App'x 1357, 2551. Even if the Defendants' proffered reasons were false, that alone would not carry Boatright's burden at this stage, given the absence of evidence that "reasonably supports a finding of prohibited discrimination." James v. New York Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000); see also Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 147 (2000) ("[I]t is not enough to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination." (cleaned up)).

In sum, Boatright's efforts to show discrimination rest on her pay differential as compared to Nagelson, her unsuccessful efforts to disprove the defendants' explanations for Nagelson's higher pay, and, among other ways in which she was treated in the office, the fact that her supervisor Wallace had taken others, but not her, to lunch. As for the pay difference, it showed nothing because her situation was not comparable to Nagelson's; as for the alleged falsity of the employer's explanations for the pay difference, the explanations were not

6

false; and as for her treatment in the office, considering the record as a whole and in view of the total absence of evidence of race- or gender-based motivation or animus, that treatment was insufficient to support her burden of producing evidence from which a jury could reasonably find that discrimination contributed to the adverse employment action of which she complains.

Finally, although the District Court did not separately analyze Boatright's discrimination claim under the NYCHRL, we conclude that the claim fails because a reasonable jury could not find, based on the summary judgment record, that race or gender motivated the pay difference under either the McDonnell Douglas framework or a mixed-motive theory of discrimination. See Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 76 & n.13 (2d Cir. 2015); Melman v. Montefiore Med. Ctr., 946 N.Y.S.2d 27, 30 (1st Dep't 2012) (applying both the McDonnell Douglas framework and a mixed-motive theory to a NYCHRL action).

**III.    Retaliation Claims**

Next, Boatright alleges that she was terminated in retaliation for filing a charge with the EEOC, in violation of Title VII, the NYSHRL, and the NYCHRL.

Because the parties did not dispute that Boatright satisfied the first three elements of a prima facie retaliation claim under Title VII and the NYSHRL, the District Court focused on whether Boatright's filing of the EEOC charge, which is protected activity, was the but-for cause of her termination. While her protected activity was close in time to her termination, see, e.g., El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 932 (2d Cir. 2010), temporal proximity alone does not create an inference of causation where "gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity," Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001). Before the Defendants learned of the EEOC charge, Boatright had already been given lower bonuses due to performance deficiencies, put on a performance improvement plan, and received a performance review and multiple emails that expressed concerns about her interpersonal skills. And Boatright's supervisors had cautioned her for violating the company's Code of Ethics and Business Conduct and discussed her failure to comply with financial regulations, a company policy restricting personal investments, and the internal corporate credit card policy. Yet other significant performance-related issues and concerns predated Boatright's

8

December 2014 internal complaints, including discipline for violating the personal investment policy and the involvement of Human Resources in addressing Boatright's fractious relationships with colleagues. The Defendants maintain that Boatright was fired because of her continued past poor performance, including after she was counseled, and because of an allegedly false statement she inserted in an important document in November 2015. We agree with the District Court that Boatright has not demonstrated that the Defendants' proffered non-retaliatory justifications for her termination are a pretext for retaliation, or that her termination would not have occurred but for a retaliatory motive. See Natofsky v. City of New York, 921 F.3d 337, 348 (2d Cir. 2019).

Finally, even under the NYCHRL's more liberal standard, Boatright cannot prove retaliation because she has not "show[n] that retaliation played any part in the employer's decision." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,

9

715 F.3d 102, 116 (2d Cir. 2013).

We have considered Boatright's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court