23-200
Giurca v. Bon Secours Charity Health Sys. et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>AMENDED SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-four.

PRESENT:
        BARRINGTON D. PARKER,
        MYRNA PÉREZ,
        SARAH A. L. MERRIAM,
        *Circuit Judges.*

_____

Dr. Dan Giurca,

                *Plaintiff-Appellant*,

              v.                             No. 23-200

Bon Secours Charity Health System, Westchester County Health Care Corporation, Good Samaritan Hospital,

              *Defendants-Appellees.**

_____

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**   MICHAEL H. SUSSMAN (Jonathan R. Goldman, *on the brief*), Sussman & Goldman, Goshen, NY.

**FOR DEFENDANTS-APPELLEES:**   MICHAEL J. KEANE (Gillian Barkins, *on the brief*), Garfunkel Wild, P.C., Great Neck, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Dan Giurca seeks review of two district court rulings in favor of Defendants-Appellees Good Samaritan Hospital ("Good Samaritan"), Bon Secours Charity Health System ("Bon Secours"), and Westchester County Health Care Corporation ("WMCHealth")[1]: (1) dismissal of his religious discrimination and failure to accommodate claims under Title VII; and (2) summary judgment on his retaliation claim under Title VII.

For the reasons set forth below, we conclude that the district court did not err in dismissing Giurca's claims.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

**I.      Religious Discrimination and Failure to Accommodate**

First, we conclude that the district court did not err in granting the Hospital Defendants' motion to dismiss.

"To survive a motion to dismiss under [Rule] 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  The

---

[1] Defendants-Appellees will hereinafter be referred to as the "Hospital Defendants."

2

Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court reviews de novo the grant of a motion to dismiss under Rule 12(b)(6). *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006).

"[I]n an employment discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Plaintiff alleges, in a conclusory fashion, that the Hospital Defendants "fail[ed] to process his employment applications by reason of Plaintiff's religion." Joint App'x at 28. But he does not allege that the Hospital Defendants were aware of his Romanian Orthodox religion, much less that they took any actions based upon that religion. His religious discrimination claim therefore fails.

Moreover, with respect to reasonable accommodation claims, a plaintiff may satisfy their minimal burden on a motion to dismiss by plausibly alleging that they: (1) "actually require[] an accommodation of [his or her] religious practice"; and (2) that "the employer's desire to avoid the prospective accommodation [was] a motivating factor in [an employment] decision." *Lowman v. NVI LLC*, 821 F. App'x 29, 31 (2d Cir. 2020) (quoting *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773–74 (2015)). The Amended Complaint does allege that Defendants "failed to accommodate Plaintiff's request for a reasonable accommodation, relating to modification of its standard employment agreement." Joint App'x at 28. But this is insufficient to state a claim for failure to accommodate. It is not enough for plaintiff to assert that he *desired* an accommodation; he must plausibly allege that he actually required an accommodation of his religious practice—in other words, that his *religious beliefs* made such an

3

accommodation necessary.  Even accepting the sincerity of his religious beliefs, Giurca's

Amended Complaint does not adequately plead a conflict between those beliefs and the alleged

employment requirement—that Giurca agree that his employment be "subject to" and services be

"provided in accordance with" the Ethical and Religious Directives of the Roman Catholic

Church ("ERDs").  Joint App'x at 22.

In discussing an offer of employment with Bon Secours in 2017, Giurca was presented

with two contracts.  The Professional Services Contract provided:

> 1.2 Standards. Physician agrees to ensure that the Services shall be provided in
> accordance with: (i) the Ethical and Religious Directives for Catholic Health Care
> Services promulgated by the United States Conference of Catholic Bishops, as
> interpreted by the Sisters of Bon Secours . . . .

Joint App'x at 47.  The Per Diem Contract provided:

> Your employment is subject to the policies, procedures and guidelines of the PC
> and Hospital, including but not limited to . . . the Ethical and Religious Directives
> of the Roman Catholic Church.

*Id.* at 37 ¶ 4.

However, Giurca's Amended Complaint is devoid of any facts plausibly alleging that

signing either contract, and therefore agreeing that his employment would be "subject to" or that

he would provide services "in accordance with" the ERDs, would actually conflict with his

personal religious beliefs.  Without sufficient allegations of an actual conflict, Giurca has not

stated a "plausible claim for relief" as to his accommodation claim.  *Johnson*, 711 F.3d at 275

(citing *Twombly*, 550 U.S. at 555–56).

**II.    Retaliation**

We further conclude that the district court properly granted summary judgment on

Giurca's claim for retaliation under Title VII.

4

On appeal, a court will affirm a grant of a motion for summary judgment only if, construing the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Like a grant of a motion to dismiss, the Court conducts a de novo review of a district court's grant of summary judgment. *See Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012).

Retaliation claims are analyzed using the *McDonnell Douglas* burden-shifting framework. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)). The first step of the *McDonnell Douglas* framework requires the plaintiff to establish a prima facie case of retaliation. *See id.* at 844. "Once the plaintiff has established a prima facie showing of retaliation, the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the [adverse] employment action." *Id.* at 845. If the defendant carries this burden, the plaintiff must then present evidence demonstrating that retaliation was a "but-for" cause of the adverse action. *Id.* at 845.

Here, summary judgment was appropriate because, even if Giurca had adequately established a prima facie case of retaliation, the Hospital Defendants presented legitimate, non-retaliatory reasons for their decision to not hire Giurca, and Giurca failed to carry his burden of demonstrating that retaliation was the but-for cause of the adverse employment action.

**A. Legitimate, Non-Retaliatory Reasons**

The Hospital Defendants clearly identified "legitimate, non-retaliatory reason[s]" for declining to hire Giurca. *Zann Kwan*, 737 F.3d at 845. When Giurca inquired about

5

employment with Good Samaritan in March 2019, the hospital was not considering applications for the consultant liaison position in which he expressed an interest. Colavito—the recruiter with whom Giurca had been communicating—then learned that Giurca had lied during his interview about being presently employed at another hospital, despite having been terminated "due to bizarre behavior." Joint App'x at 1218. Due to his lack of candor, Colavito chose not to consider Giurca for subsequent job openings. In July 2019, after Giurca interviewed for a consultant liaison position, the only position he expressed an interest in, at WMCHealth, Bartell and Ferrando—the decisionmakers—recommended against hiring Giurca because he did not have the necessary experience or certifications.

### B. But-For Cause

Because the Hospital Defendants met their burden at the second step of the *McDonnell Douglas* framework, the burden then shifted to Giurca to demonstrate that retaliation was a but-for cause of their failure to hire him. But Giurca failed to do so.

First, the record does not support Giurca's assertion that the proffered reasons for hiring another candidate for the consultant liaison position at Good Samaritan are pretextual. By the time Giurca inquired about the position in March 2019, Good Samaritan had already extended an offer of employment to Afful and his contracts were under review.

Second, Giurca's challenge to WMCHealth's conclusion that he was unqualified for the consultant liaison position is similarly unavailing. Although Afful was not board-certified when offered the consultant liaison position at Good Samaritan, the consultant liaison position for which Giurca was deemed unqualified was an entirely separate position at an entirely different hospital. The record does not suggest that the position for which Afful was hired and the

position from which Giurca was rejected required the same qualifications, much less that the Hospital Defendants chose to enforce qualifications for one position but not the other.

Finally, in the absence of other evidence of a retaliatory motive, the temporal proximity between Giurca's allegedly protected activity and the adverse employment action is insufficient to support an inference of retaliation. *See Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 72 (2d Cir. 2015) ("'[T]emporal proximity' between a protected complaint and an adverse employment action 'is insufficient to satisfy [plaintiff's] burden to bring forward some evidence of pretext . . . .'" (quoting *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (per curiam))). We therefore conclude that Giurca failed to present sufficient evidence from which a reasonable jury could conclude that retaliation was the but-for cause for the decision to not hire Giurca.

\* \* \*

We have considered Giurca's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7