25-694-cv
*Brown v. CUNY*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

KIM M. BROWN,

> *Plaintiff-Appellant*,

v.                                                          25-694-cv

CITY UNIVERSITY OF NEW YORK,

> *Defendant-Appellee*,

RUDOLPH CREW, TANYA ISAACS,
HILLARY KLEIN, MEDGAR EVERS COLLEGE,
OF THE CITY UNIVERSITY OF NEW YORK,

> *Defendants*.

_____

FOR PLAINTIFF-APPELLANT: STEWART LEE KARLIN, Stewart Lee Karlin Law Group, PC, New York, New York.

FOR DEFENDANT-APPELLEE: ANTHONY R. RADUAZO, (Barbara D. Underwood and Mark S. Grube, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on February 28, 2025, is **AFFIRMED**.

Plaintiff-Appellant Kim M. Brown appeals from the district court's judgment granting summary judgment in favor of Defendant-Appellee City University of New York ("CUNY"), pursuant to Federal Rule of Civil Procedure 56. Specifically, Brown challenges the grant of summary judgment on her claim of retaliation for reporting race and gender-based discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").[1] *See Brown v. CUNY*, No. 21-cv-0854 (PKC), 2025 WL 638353, at *9–13 (E.D.N.Y. Feb. 27, 2025). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

---

[1] Brown does not challenge the district court's dismissal of any of the other claims asserted in her amended complaint, as her appellate brief solely discusses the retaliation claim. We therefore deem those other claims abandoned. *See Jeffery v. City of New York*, 113 F.4th 176, 187–88 (2d Cir. 2024) (citing *Jackler v. Byrne*, 658 F.3d 225, 233 (2d Cir. 2011)).

2

**BACKGROUND**

Brown, a Black woman, became a tenure-track professor at CUNY's Medgar Evers College (the "College") in 2008, and started her doctoral degree in education at Columbia University ("Columbia") around that same time. She first applied for tenure at CUNY in 2014 and, after being denied, commenced a grievance process that culminated in a settlement agreement between Brown and CUNY in January 2017 (the "Settlement Agreement"). Pursuant to the Settlement Agreement, Brown would remain in her faculty position for an additional two-year period while working toward the "minimum requirements" for her to be reappointed or awarded tenure. App'x at 71. Those minimum requirements included completing her Columbia doctoral degree program, publishing two scholarly works, and submitting a progress report on those requirements by September 30, 2018. The Settlement Agreement provided that "[f]ailure of [Brown] to satisfy in any respect any of the minimum requirements . . . shall be sufficient cause for the College not to recommend [Brown] for reappointment by the Board of Trustees." *Id.*

Brown alleges that, for the three subsequent semesters after she was reinstated, her CUNY teaching schedule conflicted with aspects of her Columbia doctoral program. About one week after signing the Settlement Agreement, Brown received her spring 2017 teaching schedule on or about January 26, 2017, which Brown asserts conflicted with a Thursday evening colloquium she was required to attend at Columbia. Brown reported her spring 2017 schedule conflict to, *inter alia*, CUNY's human resources director and the College Dean, Jo-Ann Rolle, and was initially denied changes to her schedule. *Id.* at 903. Brown then responded to that

3

denial by expressing her belief that her schedule constituted "disparate treatment." *Id*. at 410. Brown was subsequently relieved of her Thursday evening teaching obligation within one week of reporting her conflict, before the first Thursday that the conflict would have materialized. *Id.* at 413. One month later, in February 2017, Brown sent a memorandum to CUNY's President and Provost detailing alleged sex and race discrimination in an unrelated faculty hiring process.

Brown alleges the same conflict appeared again in her fall 2017 semester teaching schedule. She reported the conflict to her department chair Professor Randy Robotham—who Brown testified is responsible for her teaching schedule—and Dean Rolle, and noted in an email, "[t]his is not to suggest that the department or anyone is specifically to blame." *Id.* at 212, 429. Brown finally alleges the same conflict in her spring 2018 semester schedule, which according to her testimony she reported to Dean Rolle, with Brown telling Dean Rolle it was due to "all the discrimination" Brown had faced. *Id*. at 217.

Brown did not complete her doctoral program and did not submit her progress report by the Settlement Agreement's deadline. Upon review of Brown's second tenure application, the CUNY President did not recommend her for reappointment or tenure in light of her "failure to fulfill the required terms of [the Settlement Agreement]," noting that she "did not complete [her] Ed.D degree" and "failed to submit a report" by September 30, 2018. *Id*. at 493–94. She was subsequently terminated as a CUNY employee.

**DISCUSSION**

Brown claims that CUNY retaliated against her for her protected activities by deliberately creating scheduling conflicts that led to her failure to fulfill the requirements of the Settlement

4

Agreement, which resulted in her denial of tenure and subsequent termination. Brown asserts that the record sufficiently supports her claims such that the district court erred in granting summary judgment to CUNY on her retaliation claim.

We review a district court's grant of summary judgment *de novo*. *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023) (per curiam). Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a summary judgment motion, a court is to construe the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in her favor. *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021).

We analyze Brown's Title VII retaliation claim under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). First, to establish a *prima facie* case of retaliation, a plaintiff must demonstrate that "(1) she engaged in protected activity, (2) the defendant was aware of that activity, (3) she was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse, and (4) there was a causal connection between the protected activity and the materially adverse action or actions." *Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023). If the plaintiff makes out a *prima facie* case, the burden shifts to the defendant to provide "a legitimate, non-retaliatory reason for the allegedly retaliatory action." *Id*. at 178. Once the defendant does so, "the presumption of retaliation dissipates, and the plaintiff must prove that the desire to retaliate was the but-for cause of the challenged

5

employment action." *Id*. (internal quotation marks and citation omitted); *see also Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013).

The district court found that Brown failed to satisfy the fourth element of a *prima facie* case of retaliation because, *inter alia*, the gaps in time between her complaints of discrimination and the adverse actions were "too attenuated to raise an inference of causation on their own." *Brown*, 2025 WL 638353, at *12. Brown argues that the district court erred in concluding that her evidence was insufficient to meet the minimal burden of establishing a *prima facie* case. For example, with respect to temporal proximity, Brown asserts that "[she] complained in February and May 2017, but due to the summer break, [CUNY's] next opportunity to further discriminate and retaliate against her was during the Fall semester of 2017." Appellant's Br. at 36–37. However, we need not address this issue because we conclude that, even assuming *arguendo* that a *prima facie* case was established, no rational jury could find that CUNY's proffered reason for the denial of tenure and subsequent termination—namely, her failure to comply with the terms of the Settlement Agreement—was a pretext for retaliation.[2]

We have repeatedly held that temporal proximity alone cannot create an issue of fact on pretext at the summary judgment stage, *see Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 254–55 (2d Cir. 2014); *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010), *abrogated in part on other grounds by Nassar*, 570 U.S. 338, and Brown has failed to provide any other

---

[2] The district court did not reach the pretext stage of the *McDonnell Douglas* burden-shifting analysis, but we may "affirm on any ground with support in the record." *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 145 (2d Cir. 2014) (affirming dismissal of Title VII retaliation claim based on failure to show pretext).

6

evidence that is sufficient to support a rational finding by a jury that CUNY's proffered reasons for the adverse actions were a pretext for retaliation. Brown does not dispute that (1) the Settlement Agreement governed her tenure application process, and (2) she did not complete her doctoral program nor submit her progress report by the September 30, 2018 deadline, as required by the Settlement Agreement. Even if Brown's scheduling conflicts prevented her from completing her program by the deadline, she provides no evidence to support a reasonable inference that these conflicts were intentionally created by CUNY, let alone done with the intention of retaliating against her for her protected activities. Indeed, the uncontroverted evidence demonstrated that CUNY attempted on multiple occasions to accommodate her purported scheduling conflicts with respect to her graduate studies. For example, with respect to the spring 2017 semester, Brown did not inform CUNY of her Columbia class schedule until after CUNY gave her the spring 2017 teaching schedule, which was one week after the Columbia semester started. The record demonstrates that CUNY nevertheless fixed the conflict within three business days—in time for the conflict not to have materialized—but Brown still did not take the course. Similarly, as to the fall 2017 semester, Professor Robotham reassigned Brown's Thursday evening class to eliminate the conflict with the Columbia class. Although Brown thanked him for assisting with the conflict, she still did not take any doctoral program classes that semester.

We also note that there is a mismatch between who designed Brown's schedule (Professor Robotham) and who had knowledge of her protected activity. The record shows that Brown's complaints about discrimination in scheduling went to Dean Rolle and CUNY's human

7

resources department, and her February 2017 memorandum went to the CUNY President and the Provost. In contrast, there is no evidence that Professor Robotham was aware of any of her complaints of discrimination. *See Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000) ("The lack of knowledge on the part of particular *individual agents* is admissible as some evidence of a lack of a causal connection, countering plaintiff's circumstantial evidence of [temporal] proximity . . . ."). Moreover, Brown testified that Professor Robotham was her "biggest ally," App'x at 210, and "wholeheartedly recommend[ed] her for tenure," *id*. at 227. Therefore, Brown has failed to create a triable issue of fact as to whether Professor Robotham, or anyone else at CUNY, was utilizing her scheduling conflicts as part of a retaliatory effort to prevent her from completing her required courses for the tenured position.[3] Similarly, none of the other evidence to which Brown points raises a reasonable inference of retaliation.[4] For example, although Brown makes conclusory allegations that she was treated less favorably than other tenured faculty members, she fails to provide any evidence regarding the qualifications of

---

[3] CUNY also points out that, "in direct conflict with the core allegations underpinning her retaliation claim, Brown attested during [her bankruptcy proceeding] she had successfully 'completed all coursework' necessary to obtain her doctoral degree, and CUNY had been 'considerate and patient' by affording her additional time to do so." Appellee's Br. at 33–34 (citations omitted). However, we need not consider these inconsistencies in determining that Brown has failed to proffer sufficient evidence of retaliation to preclude summary judgment.

[4] To the extent Brown argues that the district court erred in failing to consider her purported evidence from prior to 2017, we disagree. As a threshold matter, Brown waived this argument by conceding in the district court that the Settlement Agreement bars reliance on pre-2017 events. *See United States v. Mangano*, 128 F.4th 442, 466 (2d Cir. 2025) ("[W]hen a party concedes a point before a lower court, it generally 'waive[s] . . . the issue' and cannot thereafter raise an argument before this Court that is contrary to the concession." (citation omitted)). In any event, there is nothing from the pre-2017 timeframe that provides a reasonable inference that her complaints of discrimination somehow caused the 2017 and 2018 scheduling conflicts and her denial of tenure.

the purported comparators that would allow a rational finding that they were similarly situated to her. *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997); *see also McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001) ("[E]mployees must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination.").

In sum, even construing the evidence most favorably to Brown, no rational jury could find that retaliation for her protected activities was the "but-for" cause of her scheduling conflicts, or the denial of tenure for her failing to comply with the Settlement Agreement and her subsequent termination. Summary judgment was therefore warranted on Brown's Title VII retaliation claim.

*        *        *

We have considered Brown's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9